IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHRN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NATIONWIDE JUDGMENT RECOVERY, INC.,
    Plaintiff,

v.                                                  CASE NO. 1:22mc57-AW-MAL

DAVID W. PADOT, SR.,
    Defendant/Judgment Debtor,

and

VYSTAR CREIT UNION,
    Garnishee.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff Nationwide Judgment Recovery, Inc.'s Motion for Final Judgement in Garnishment as to Garnishee Vystar Credit Union, N.A. with Supporting Memorandum of Law. ECF No. 23. The motion was referred to the undersigned in accordance with Northern District of Florida Local Rule 72.3. For the reasons stated below, I recommend that Plaintiff's Motion for Final Judgment in Garnishment be GRANTED.

**BACKGROUND**

1. On July 6, 2022, Plaintiff registered with this court a foreign judgment that issued from the Western District of North Carolina against

1

defendant/judgment debtor David W. Padot, Sr., in the amount of $33,604.71. ECF No. 1.

2. On July 29, 2022, Plaintiff filed a motion for writ of garnishment against the garnishee, Vystar Credit Union. ECF No. 9.

3. On August 2, 2022, the Court entered an order granting the motion for writ of garnishment and directed the clerk to issue the writ. ECF Nos. 11.

4. On September 10, 2022, garnishee Vystar Credit Union filed an answer confirming one checking account for David W. Padot, Sr. and Marites Ramos Padot, with funds in the amount of $844.80, that may be subject to the writ of garnishment. [1] ECF No. 17.

5. On September 27, 2022, Plaintiff filed a certificate of service of Vystar Credit Union's answer and the notice issued to Defendant David W. Padot, Sr., regarding his right to dissolve the writ of garnishment, in compliance with Section 77.055, Florida Statutes. ECF No. 19.

6. On September 27, 2022, Plaintiff filed a certificate of service of Vystar Credit Union's answer and the notice issued to Maria Ramos Padot

---

[1] When a bank's answer "reflects a joint account, without any limitations noted, the debtor is presumed to own the entire account, subject to the right of the account holders to rebut that presumption, such that the full amount of the account is available to the judgment creditor for garnishment, absent evidence of the nondebtor's sole equitable ownership of a specific identifiable portion." Postnet Int'l Franchise Corp. v. R & B Cent. Enterprises, Inc., No. 6:08-CV-00106-22-DAB, 2009 WL 453413, at *3 (M.D. Fla. Feb. 23, 2009).

regarding her right to dissolve the writ of garnishment, in compliance with Section 77.055, Florida Statutes. ECF No. 20.

7. On December 5, 2022, Plaintiff filed its motion for final judgment in garnishment against Vystar Credit Union, noting that Plaintiff had complied with the applicable statutes and rules and that neither David W. Padot, Sr., nor Maria Ramos Padot had moved to dissolve the writ of garnishment or file a claim of exemption. ECF No. 23.

## DISCUSSION

Chapter 77, Florida Statutes, sets out the procedures for collection of a judgment by writ of garnishment in the State of Florida. Chapter 77 applies to this proceeding by way of Federal Rule of Civil Procedure 69, which adopts "the procedure of the state where the court is located." Fed. R. Civ. P. 69(a).

Plaintiff has complied with the procedures for writ of garnishment under Chapter 77, Florida Statutes, by:

1. Filing a motion for writ of garnishment after judgment in accordance with Section 77.03, Florida Statutes. ECF Nos. 1 and 9.

2. Having a writ of garnishment issued in compliance with the form of Section 77.04, Florida Statutes, and including the exemption notice required under Section 77.041, Florida Statutes. ECF Nos. 11, 9-1, and 18.

3. Serving a copy of Vystar Credit Union's answer and notice of the right to dissolve the writ on David W. Padot, Sr., and Maria Ramos Padot in compliance with Section 77.055, Florida Statutes. ECF Nos. 19 and 20.

The statutory time periods for David W. Padot, Sr., and Maria Ramos Padot to make a claim of exemption under Section 77.041, Florida Statutes, and to dissolve the writ of garnishment under Section 77.07, Florida Statutes, have expired. To date, no claim of exemption or motion to dissolve has been filed. Because there are no disputed issues to be tried, Plaintiff is entitled to judgment on Vystar Credit Union's answer, in accordance with Section 77.083, Florida Statutes.

## **RECOMMENDATION**

Based on the foregoing, it is respectfully RECOMMENDED:

1. Plaintiff's Motion for Final Judgment in Garnishment as to Garnishee Vystar Credit Union (ECF No. 23) be GRANTED.

2. Judgment in garnishment in favor of Plaintiff and against Garnishee Vystar Credit Union be entered in the sum of $844.80. Vystar Credit Union should be directed to forward the funds to Plaintiff within ten days of the date of the judgment, payable to Emery Law, PLLC Trust Account and mailed to: Emery Law, 5011 Gate Parkway, Bldg. 100,

Suite 100, Jacksonville, FL 32256. Upon so doing, the Garnishee Vystar Credit Union will be discharged from further liability under the Writ of Garnishment issued on August 2, 2022, as to Defendant David W. Padot, Sr.

At Gainesville, Florida, on January 19, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**